UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04-CV-223-H

GAIL JEWELL PLAINTIFF

V.

HOUSEHOLD LIFE INSURANCE CO. DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Household Life Insurance Co.'s ("Household") motion to alter or amend the May 8, 2006 Memorandum Opinion and Order granting partial summary judgment to Plaintiff Gail Jewell ("Jewell").[1] Household argues that the Court misinterpreted the holding in *Breeding v. Massachusetts Indemnity & Life Ins. Co.*, 633 S.W.2d 717 (Ky. 1982), by stating that "each insured under an accidental life insurance policy [must] be issued a certificate 'advising the insured of his coverage and exclusions from coverage incorporated in his policy of insurance.'" (Mem. Op. at 4). Household states that the *Breeding* court "mistakenly" refers to the insurance as "accidental life insurance, " and that the policy in *Breeding* was actually "blanket health insurance" within the meaning of Ky. Rev. Stat. Ann. § 304.18-080.[2]

[1] The Court has scheduled a conference for June 1, 2006, to resolve any further issues prior to entering a final order.

[2] Even though Plaintiff has yet to respond to the motion, the Court is familiar with the issue and can resolve it without seeing a response.

Household certainly makes a valid point. Whether the court in *Breeding* considered the policy, which was purchased in connection with the rental of an automobile, to be accidental life insurance or blanket health insurance, is not clear as the court refers to the policy using both terms. Factually, the plaintiff in *Breeding* was the estate of the original renter, seeking benefits payable under the policy in connection with the death of the renter. However, whether one defines such a policy an "accidental life insurance" policy or a "blanket health insurance" policy does not alter the Court's conclusion in this case.

As the Court acknowledged, the current case law provides limited guidance on the issue of whether the policy in question constitutes a "blanket health insurance" policy under section 304.18-080. However, Jewell's policy is analogous to the one in *Breeding*, as both ostensibly pay benefits on the accidental death of the insured. Accordingly the duties of notice under section 304.18-080 are equally applicable in this case. This principle is buttressed by the Sixth Circuit's conclusion in *Hale v. Life Ins. Co. of North America*, 750 F.2d 547, 550 (6th Cir. 1985), in which the court stated that even if the disability insurance policy at issue was not a "group health policy" under section 304.18-080, the court believed that the Kentucky Supreme Court "would apply to this case the same principles" applicable to group health insurance policies as a matter of Kentucky law. Likewise here, a central principle underlying the statutes applicable to group health insurance is equally applicable to the policy in this case – namely, that an insurer may not deny coverage based on an exclusion to coverage not contained in the certificate provided to the insured, especially where the certificate informs the insured that it contains all details about the insurance as it applies to the insured.

For these reasons, the Court will not alter its original conclusions. The Court will resolve

any remaining issues at the scheduled conference. Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to alter or amend is DENIED.

May 24, 2006

John G. Heyburn II
Chief Judge, U.S. District Court

cc: Counsel of Record